UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
REXALL SUNDOWN, INC.,

                Plaintiff,

        -against-

PERRIGO COMPANY,

                Defendant.
---------------------------------------------------X
PERRIGO COMPANY OF
SOUTH CAROLINA, INC.,

                Counterclaimant,

        -against-

REXALL SUNDOWN, INC.,

                Counterclaim Defendant.
---------------------------------------------------X

**ORDER**
CV 07-3397 (JFB)(ARL)

**LINDSAY, Magistrate Judge:**

     Before the court are several letters from the parties. Perrigo moves by letter dated June 2, 2008 for a ninety-day extension of the July 16, 2008 discovery deadline. Plaintiff opposes that request. By letter dated June 3, 2008, plaintiff moves to compel the production of documents and the depositions of several witnesses. Perrigo opposes the application by letter dated June 5, 2008.

     As both parties acknowledge, the progress of discovery in this case has been delayed for nearly three months while the parties were negotiating a protective order. Given the nature of the outstanding discovery noted in plaintiff's motion to compel, an extension of the current deadline is warranted. However, in consideration of plaintiff's concern that a ninety-day extension will only unduly delay this case for trial, the court will permit a 60-day extension. Accordingly, the deadline for the completion of all discovery is extended through **September 15, 2008**.

     With regard to the plaintiff's motion to compel documents, plaintiff asserts that the document production thus far is incomplete because "it is simply not possible" that additional responsive documents do not exist. Perrigo represents that it has comprehensively searched its files for documents responsive to plaintiff's demands and has produced them. Consistent with its obligations under the Federal Rules of Civil Procedure, Perrigo also represents that it will supplement its production to the extent additional responsive documents are located. Finally, in an effort to assure that the scope of its search for electronic documents is comprehensive, Perrigo has offered to conduct a key word search of its electronic documents using keywords designated

by plaintiff. Perrigo agrees to produce any additional documents produced by this search that are not privileged.  This offer addresses plaintiff's stated concerns, accordingly, Perrigo shall conduct a search of electronic documents using keywords to be provided by the plaintiff.

To the extent plaintiff seeks to compel Perrigo to produce a Rule 30(b)(6) witness to answer questions concerning its document collection efforts that request is denied at this time. Discovery is ongoing and such inquiry would be premature.

Finally, plaintiff has noticed the deposition of William Schoenbart, a non-party consultant, and seeks an order compelling Perrigo to produce him for deposition.  Perrigo objects, arguing that a subpoena is required to compel his deposition because he is not an officer, director or managing agent of Perrigo.  Under Rule 30(b)(1) of the Federal Rules of Civil Procedure, only officers, directors, or managing agents of a corporate party may be compelled to give testimony pursuant to a notice of deposition.  See, e.g., Schindler Elevator Corp. v. Otis Elevator Co., 2007 WL 1771509, at *2 (S.D.N.Y. June 18, 2007).  Non-party witnesses, such as Mr. Schoenbart, must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure.  Id. at *2. Perrigo's letter to court includes Schoenbart's current address, however the address provided is a P.O. Box.  If Perrigo has an alternate address for Schoenbart, it is directed to provide it to plaintiff.

Dated: Central Islip, New York
       June 19, 2008

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge